## Lower Allen Township ex rel. v. Township Supervisors

*Guy H. Davies* and *Ray T. Harrigan,* for appellants.
*Bowman & Bowman* and *Mark E. Garber,* for township auditors.

REESE, P. J., April 25, 1934.—Five appeals were filed from the settlements of audits by the township auditors of the accounts of the supervisors of Lower Allen Township for the years 1928, 1929, 1930, 1931, and 1932. Each appeal was filed, as required by law, within 30 days after the settlement therein appealed from had been filed in the court of quarter sessions. When each appeal was filed, the appellants filed with it a bond with sureties containing a condition in the exact terms of the recognizance required by section 554 of The Second Class Township Law of May 1. 1933, P. L. 103. Each bond was acknowl-

edged before a justice of the peace and not before the prothonotary, and therefore was not the form of recognizance required by law. After the 30-day period had elapsed, upon petition of the appellants, the court granted leave to the appellants in each appeal to file an amended recognizance within 5 days. Thereupon the formal recognizance, acknowledged before the prothonotary, was filed in each appeal. In each of the five proceedings the supervisors have made a motion to quash the appeal on the grounds (1) that the appeal is not signed by the appellants; (2) that no formal recognizance was filed within the 30-day period within which the appeal is required by law to be taken.

We find no merit in the first reason assigned by the supervisors in support of their motion. On the face of each of the appeals, it appears that the appellants are S. W. Miller and William Wertz, residents and taxpayers of the township, and each appeal is signed by the attorney for the appellants and verified by S. W. Miller, one of the appellants. The bonds filed with the appeals recite the names of the appellants and their sureties and aver that they are residents and taxpayers of the county, and are signed by the appellants and their sureties. The appeals fully disclose the names and identities of the appellants and their right to appeal, and we know of no rule of law or statutory requirement which makes it necessary that such an appeal must be signed in any particular place or in any particular manner.

Considering the second ground for the motions to quash, we find that section 554 of the Act of 1933, supra, provides, "No appeal by a taxpayer . . . shall be allowed unless the appellant shall enter into recognizance to prosecute the same with effect. . . ."

The foregoing section is a reënactment of earlier legislation covering the same subject matter. Therefore, the decisions of the courts construing the earlier legislation may be readily accepted as authorities in construing the present legislation. Under the earlier legislation, it was held that an appeal without a recognizance was a nullity and that failure to file a recognizance within the 30 days was fatal: McCready et al. v. McGovern et al., 1 Kulp 474; Bailer's Appeal, 18 Lacka. 321. It has also been held that, if an appeal is taken in good faith within the time prescribed by law, and within that period a defective recognizance, or a bond instead of a recognizance, is filed, the appeal will not be quashed or set aside in the first instance, but leave may be granted to amend the recognizance within the designated time: Speicher v. Clifton Township, 1 Kulp 465; Jefferson Township v. Enders, 33 Pa. C. C. 405; Brackbill et al. v. Strasburg Township Supervisors, 16 Dist. R. 1009; Crise's Appeal, 4 Westm. 181. In Crise's Appeal, supra, an appeal was taken by taxpayers from the settlement by the auditors of the accounts of the supervisors. Within the 30-day period a bond was filed instead of a formal recognizance. The court, on a motion to quash the appeal, allowed the appellants to perfect their appeal and to enter into a recognizance as required by the statute. In Brackbill et al. v. Strasburg Township Supervisors, supra, under exactly the same facts, the court refused to quash the appeal, but permitted the appellants to perfect their appeal by filing a formal recognizance. In Jefferson Township v. Enders, supra, the taxpayers filed an appeal from the settlement by the auditors of the accounts of the supervisors, and with the appeal filed a bond in the exact terms of the recognizance required by the legislation then in force. The court said: "We are asked to quash the appeal because they did not enter into a recognizance. This we must decline to do. As far as accomplishing the purpose for which the recognizance is required, the bond is equally effective with the recognizance. The appellants have, therefore, complied with the law in substance, though not in form. But the acts of assembly require the security to be in the

form of a recognizance. There can be no injustice in affording the appellants an opportunity to perfect their appeal by entering into a recognizance. This, we think, is the proper practice, rather than to quash the appeal in the first instance."

We see no good reason for refusing to follow the well-considered conclusions of the cases cited, in each of which the facts were identical with those in the appeals before us. We find particularly applicable the following language in Womelsdorf v. Heifner, 104 Pa. 1, 4: "The law favors the right of appeal. . . . Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury. The books are full of such cases."

The court, by its earlier order, has already permitted the appellants to perfect their appeals by filing formal recognizances. Therefore, nothing remains to be done except to make an order in each appeal overruling and dismissing the motion to quash.　　　　　　　　　　　　From Francis B. Sellers, Carlisle, Pa.